## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>　　　　　Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRENDA DELATORRE, ) <br> ) <br>　　　　　Defendant. ) <br>_____) | Case No. 11-20033-02-CM |

## MEMORANDUM AND ORDER

Defendant Brenda DeLaTorre filed a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 193). In her motion, defendant asserts that an "intervening, post-sentencing change of the United States Sentencing Guidelines" entitles her to a reduction to her sentence. (Doc. 193 at 2.) The amendment that defendant cites is "Amendment 12, Criminal History." (*Id.*) But the content of defendant's motion makes clear that she is actually referencing Amendment 709, which was effective on November 1, 2007, and addressed two areas of the criminal history rules—(1) counting multiple prior sentences, and (2) using misdemeanor and petty offenses to calculate a criminal history score. (*See id.* (quoting U.S. Sentencing Guidelines Manual supp. to app. C (2010)).

This court sentenced defendant on October 29, 2012. Amendment 709 was therefore already in effect, and was applied at defendant's sentencing. For this reason, the amendment is not one that reduced a range subsequent to defendant's sentencing, as required for relief under § 3582(c)(2). *See United States v. Rabieh*, 384 F. App'x 781, 783 (10th Cir. 2010) (affirming a decision to deny § 3582(c)(2) relief because amendments were effective before the defendant was sentenced). The court denies defendant's motion on this basis.

-1-

Even if this were not the case, defendant waived the right in her plea agreement to challenge her sentence under § 3582(c)(2). This waiver independently bars any relief for defendant.

First, this attack is within the scope of defendant's waiver. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Defendant's plea agreement states that she

> waives any right to challenge her conviction and/or sentence or otherwise attempt to modify or change her sentence or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed. Rule of Civ. Pro 60(b).

(Doc. 50 at 10). Defendant's motion is specifically named in the waiver as a motion she relinquished the right to file.

Second, defendant knowingly and voluntarily waived her right to file for § 3582(c)(2) relief. *See Hahn*, 359 F.3d at 1325. The plea agreement states that her waiver is knowing and voluntary. (Doc. 50 at 10, 12.) And the court recalls questioning her at length during her change of plea hearing to verify that she had entered into the agreement freely and voluntarily. There is nothing in the record to indicate that defendant's decision to waive her right to challenge her sentence was unknowing or involuntary.

Third, enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. This court did not rely on an impermissible factor such as race, and there is no suggestion or indication that defense counsel was ineffective in negotiating the waiver or plea agreement.

For the reasons stated above, the court denies defendant's motion. Defendant does not state a valid basis for relief, and, in any event, she waived the right to ask for a sentence reduction.

**IT IS THEREFORE ORDERED** that defendant's Motion for Modification or Reduction of Sentence (Doc. 193) is denied.

Dated this 7th day of January, 2014, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**